**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122687

## UNITED STATES DISTRICT COURT
## DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLEY LIPTON,<br>52 Timberhill Drive<br>Sewickley, PA 15143<br><br>             Plaintiff,<br><br>       v.<br><br>THE DAILY CALLER, INC.,<br>1775 Eye Street NW<br>Washington, DC 20006<br><br>             Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shelley Lipton ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Daily Caller, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as dailycaller.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied,

stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Shelley Lipton is an individual who is a citizen of the State of Pennsylvania and maintains a principal place of business at 52 Timberhill Drive, Sewickley, Pennsylvania in Allegheny County, Pennsylvania.

7. On information and belief, defendant The Daily Caller, Inc., is a Delaware Corporation with a principal place of business at 1775 Eye Street NW, Suite 1150-290, Washington, DC 20006 and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over The Daily Caller, Inc. because it maintains its principal place of business in District of Columbia.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because The Daily Caller, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

15. The Daily Caller, Inc. is the registered owner of the Website and is responsible for its content.

16. The Daily Caller, Inc. is the operator of the Website and is responsible for its content.

17. The Website is a popular and lucrative commercial enterprise.

18. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

19. The Website is monetized in that sells merchandise to the public and, on information and belief, Defendant profits from these activities.

20. On December 3, 2018, Plaintiff Shelley Lipton authored a photograph of a "Pregnant fan being choked" during a Steelers-Chargers Game (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

21. Plaintiff applied to the USCO to register the Photograph on January 15, 2019 under Application No. 1-7327837519.

22. The Photograph was registered by USCO on January 15, 2019 under Registration No. VA 2-134-423.

23. On January 7, 2019, Plaintiff observed the Photograph on the Website in a story dated December 4, 2018. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

24. The Photograph was displayed at URL: https://dailycaller.com/2018/12/04/steelers-chargers-pregnant-headbutt/.

25. The Photograph was stored at URL: https://images.dailycaller.com/image/width=1280,height=549,fit=cover,f=auto/https://cdn01.dailycaller.com/wp-content/uploads/2018/12/Screen-Shot-2018-12-04-at-4.40.47-PM-e1543959738348.png.

26. Without permission or authorization from Plaintiff, Defendant volitionally

selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Website.

27. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

29. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

30. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

31. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Mike Brest who is listed on Defendant's Website as an author ("Employees").

32. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

34. On information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

35. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

36. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

37. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

38. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

39. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

40. On information and belief, Defendant monitors the content on its Website.

41. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

42. On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

43. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

44. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

49. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

50. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

51. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

52. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and

costs pursuant to 17 U.S.C. § 505 from Defendant.

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Falsification, Removal and Alteration of Copyright Management Information 17 U.S.C. § 1202)

56. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

57. Upon information and belief, Defendant knew that Plaintiff created and held rights to the Photograph because *inter alia*, the source of the Photograph that Defendant used to make its infringing copy specifically attributed the Photograph to Plaintiff by watermark or photo credit.

58. Upon information and belief, in its article on the Website, Defendant copied the Photograph from https://www.pittsburghcurrent.com/steelers-chargers-assault/ and/or https://www.pittsburghcurrent.com/photo-shows-woman-being-choked-by-male-fan-during-steelers-chargers-game-warning-graphic-photos/ which contained a gutter credit below the Photograph stating "Photo: Shelley Lipton" the owner and author of the Photograph.

59. Defendant credits its use of the Photograph on the Website to "The Fumble YouTube screenshot" in a gutter credit underneath the bottom right side, yet the story provides a direct link to the Pittsburgh Current article, the original publication, which references Plaintiff as the photographer multiple times throughout the article.

60. Upon information and belief, Defendant intentionally removed copyright management information related to the Photograph with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the photo credit originally conveyed with the Photograph in order to mislead the public into believing that Defendant either owned the Photograph or had

legitimately licensed them for use in the Infringement. Upon information and belief, in addition to removing the photo credit, Defendant also removed the metadata from the Photograph.

61. In addition, Defendant displayed the unauthorized copies of the Photograph knowing the copyright management information had been removed.

62. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

63. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

64. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

65. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

66. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

67. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

8
PLAINTIFF'S COMPLAINT

a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: July 15, 2021

**BARSHAY SANDERS, PLLC**

By: __/s/ Craig B. Sanders__
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122687